UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                          :
VINCENT DOBRSKI,                          :
                                                          :    CASE NO. 1:14-CV-02111
          Plaintiff,                             :
                                                          :
v.                                                    :    OPINION & ORDER
                                                          :    [Resolving Docs. 1, 18, 19]
FORD MOTOR COMPANY,              :
Retirement Board of Administration, :
                                                          :
                                                          :
          Defendant.                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this ERISA case, Defendant Ford Motor Company-UAW Retirement Plan Board of Administration (the "Board") moves for judgment on the administrative record,[1] and Plaintiff Vincent Dobrski moves for summary judgment.[2] For the reasons below, the Court **GRANTS** Defendant's motion for judgment on the administrative record and **DENIES** Plaintiff Dobrski's motion for summary judgment.

**I. Background**

Plaintiff Vincent Dobrski worked at Ford Motor Company from September 1968 to April 2007, when his employment was terminated.[3] Dobrski sought to challenge his termination and brought suit against Ford.[4] During the course of the litigation, Dobrski filed for and received Social

---

[1] Doc. 18. Plaintiff Dobrski opposes. Doc. 22.
[2] Doc. 19. The Board opposes. Doc. 23. The Court treats Plaintiff Dobrski's motion as one for judgment on the administrative record.
[3] Doc. 12 at 1-2.
[4] *Id.* at 2-3.

Case No. 1:14-CV-2111
Gwin, J.

Security disability benefits; the Social Security Administration found that Dobrski became disabled on April 1, 2007, but could only begin receiving payments effective June 2009, one year before he applied for Social Security benefits.[5] On March 28, 2013, Dobrski's wrongful termination suit against Ford was dismissed.[6]

Dobrski requested retirement benefits from Ford in April 2013,[7] and on September 19, 2013, Dobrski submitted a benefits election form requesting retirement benefits to commence on May 1, 2013.[8] Along with the form, Dobrski submitted a handwritten letter requesting a buy out and a payment of retirement benefits dating back to March 2007.[9] Ford denied his request for retroactive retirement benefits initially,[10] and the Defendant Board denied his request on appeal;[11] however, Ford granted his request for prospective retirement benefits, effective May 1, 2013.[12]

Both denials were based on Article V, Section 2(k) of the Benefits Plan and Agreements between UAW and Ford Motor Company (the "Plan"), which states that early retirement benefits become payable "on the first day of the first month after (i) the employee shall have become eligible for such a benefit, and (ii) the employee shall have filed application for such benefit with the Board."[13]

Dobrski then filed this suit under Section 502(a)(1)(B) of the Employee Retirement Income

---

[5] *Id.* at 10.
[6] *See Dobrski v. Ford Motor Co.*, No. 1:09-cv-963, 2013 WL 1303786 (N.D. Ohio Mar. 28, 2013).
[7] Doc. 12 at 1.
[8] *Id.* at 9-13. Dobrski checked a box for this option, but also wrote in "Maybe sooner." *Id.* at 12.
[9] *Id.* at 9.
[10] *Id.* at 11.
[11] *Id.* at 19.
[12] *Id.* at 11.
[13] *Id.* at 583.

Case No. 1:14-CV-2111
Gwin, J.

Security Act of 1974 ("ERISA")[14] to recover the retroactive retirement benefits that he alleges he is entitled to under the Plan. The Board has filed a motion for judgment on the administrative record, and Dobrski has filed a motion for summary judgment, which the Court treats as a motion for judgment on the administrative record.

## II. Legal Standard

A court reviewing an administrator's decision under a benefit plan subject to ERISA applies a *de novo* standard of review unless the administrator possessed discretionary authority to determine benefit eligibility or construe the terms of the plan.[15] Where the administrator has such authority, a court reviews such a decision under the arbitrary and capricious standard.[16] In this case, the Plan provides that the Board has discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the plan.[17] Accordingly, the arbitrary and capricious standard of review applies.

A decision regarding eligibility for benefits is not arbitrary and capricious if the decision "'is the result of a deliberate, principled reasoning process and if it is supported by substantial

---

[14] 29 U.S.C. § 1132(a)(1)(B).

[15] *Conkright v. Frommert*, 559 U.S. 506, 512 (2010) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)).

[16] *Hayden v. Martin Marietta Materials, Inc. Flexible Benefits Program*, 763 F.3d 598, 605 (6th Cir. 2014) (internal citation omitted).

[17] Doc. 12 at 661 ( "The Board shall have jurisdiction to pass upon all questions concerning the application or interpretation of the provisions of the Plan which it is empowered to administer. After review of an appeal, the disputed benefits under this plan will be paid only if the Board decides in its discretion that the employee or claimant is entitled to them under the terms of the Plan. The Board shall decide all such questions in accordance with the terms of the Plan, and all such decisions of the Board shall be final and binding upon the Company, the Union, the employees, and the beneficiaries or claimants under the Plan, subject only to the arbitrary and capricious standard of judicial review.").

-3-

Case No. 1:14-CV-2111
Gwin, J.

evidence.'"[18] "When reviewing a denial of benefits under ERISA, a court may consider only the evidence available to the administrator at the time the final decision was made."[19]

### III. Discussion

Plaintiff Dobrski brings this suit under Section 502(a)(1)(B) of ERISA to challenge the Board's denial of his request for retroactive retirement benefits. Section 502(a)(1)(B) allows an ERISA plan beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[20]

The Board denied Plaintiff Dobrski's request for retroactive retirement benefits by citing Article V, Section 2(k) of the Plan.[21] That provision states that early retirement benefits "shall become payable to the retired employee . . . on the first day of the first month after (i) the employee shall have become eligible for such benefit, and (ii) the employee shall have filed application for such benefit with the Board."[22] The Board interpreted that provision as prohibiting payment of benefits for months before the employee filed an application for the benefits with the Board.[23]

Dobrski admits in his complaint, and the administrative record confirms, that he did not request his retirement package until April 2013.[24] Under the arbitrary and capricious standard of

---

[18] *Balmert v. Reliance Standard Life Ins. Co.*, 601 F.3d 497, 501 (6th Cir. 2010) (quoting *Baker v. United Mine Workers of Am. Health & Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991)).

[19] *McClain v. Eaton Corp. Disability Plan*, 740 F.3d 1059, 1064 (6th Cir. 2014) (citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998)).

[20] 29 U.S.C. § 1132(a)(1)(B).

[21] *See* Doc. 12 at 11, 21.

[22] *Id.* at 583. The administrative record contains both the 2007 and 2011 versions of the Plan. The versions do not appear to differ in any material way, and the Court cites the 2011 version throughout this order.

[23] *See id.* at 11, 21.

[24] *See* Doc. 1 at 1; Doc. 12 at 11.

Case No. 1:14-CV-2111
Gwin, J.

review, the Court must uphold the plan administrator's decision "if [the administrator's] interpretation of the Plan's provisions is 'reasonable.'"[25] Here, the Board's interpretation is reasonable. The Board read the plain language of the Plan to preclude the payment of early retirement benefits until the retired employee files an application for the benefits. To hold otherwise and allow Dobrski to collect retroactive retirement benefits, the Court would have to rewrite the provision at issue and change the terms of the Plan.

To support his claim for benefits, Plaintiff Dobrski cites to three provisions of the Plan: Article IV, Section 3,[26] Appendix I,[27] and Article IX, Section 6(c).[28] None of these provisions are on point.

The first, Article IV, Section 3, concerns the payment of disability retirement benefits to disabled employees.[29] Dobrski says that because the Social Security Administration found that he was disabled, he should be granted retroactive retirement benefits under this section. This argument fails for two reasons. First, this section requires both that the disability determination be made by the Board and that it be made after the employee "submit[s] to an examination by a competent physician or physicians selected by the Board."[30] The record contains no evidence of any such examination or any such finding by the Board. Second, like early retirement benefits, disability retirement benefits

---

[25] *Kovach v. Zurich Am. Ins. Co.*, 587 F.3d 323, 328 (6th Cir. 2009) (alteration in original) (internal quotation marks and citation omitted).
[26] Doc. 12 at 561.
[27] *Id.* at 753.
[28] *Id.* at 927.
[29] *Id..* at 561.
[30] *Id.* at 561-62.

Case No. 1:14-CV-2111
Gwin, J.

are not payable for months prior to when the employee applies for them.[31]

The next provision Dobrski cites, Appendix I, provides that a qualified employee "may be retired early under mutually satisfactory conditions."[32] The retirement, however, must be "in the best interests of the Company."[33] Here, the record contains no evidence of "mutually satisfactory conditions" or determination of the "best interests of the Company." Moreover, this provision also does not provide for benefits to be paid for months prior to the employee's application.[34] As such, this provision does not upset the Board's reasoning in denying Dobrski retroactive retirement benefits.

The third provision Dobrski cites, Article IX, Section 6(c), enables a former employee to continue hospital-surgical-medical-drug-dental-vision-hearing aid coverages while he has a grievance pending against Ford.[35] This provision does not relate to early or retroactive retirement benefits, and thus is not relevant to this case.

Plaintiff Dobrski also offers two reasons for his failure to apply for benefits sooner. Neither succeeds.

First, he says that he delayed filing for retirement benefits because he was not made aware of the proper filing procedure and did not receive a copy of the Plan until he filed this suit.[36] Under ERISA, however, a plan administrator need furnish only a summary plan description and make the

---

[31] *Id.* at 586.
[32] *Id.* at 753.
[33] *Id.*
[34] *See id.* at 583.
[35] *Id.* at 927-28.
[36] Doc. 19 at 1.

Case No. 1:14-CV-2111
Gwin, J.

full plan available if it is requested.[37] Plaintiff Dobrski does not allege, and the record does not indicate, that Dobrski did not receive the required summary plan description. The fact that Dobrski did not receive the Plan until 2015 thus does not entitle him to retroactive retirement benefits.

Finally, Dobrski says that because Ford prohibited him from its Walton Hills plant after his termination,[38] and because he was ordered to have no contact with the UAW during his unjust termination suit,[39] he could not obtain a copy of the Plan or file for retirement benefits. But the record does not indicate that Dobrski made this argument or presented any evidence to support it to the Board. Rather, the record contains Plaintiff Dobrski's statement that "[t]he reason I did not file for retirement when I got my letter of disability, is because I had faith in the system and the prospect of me being able to return to work . . . ."[40] As discussed above, the Court's review of denial of benefits under ERISA is limited to examining the administrative record. A plan administrator does not abuse its discretion in failing to credit an argument that was not made or supported before it.

Nevertheless, even if the Court were to consider Dobrski's contentions, Dobrski's argument would still lose. The fact that Ford forbade Dobrski from its Walton Hills plant did not interfere with Dobrski's ability to either request a copy of the Plan from the Board or file for retirement benefits. Moreover, the no contact order was not entered until 2011, and only prohibited Dobrski from contacting "the UAW's members, employees, officers, and agents, or any other witness, other than through counsel."[41] Thus, Dobrski's ability to either request a copy of the Plan or file for retirement

---

[37] 29 U.S.C. § 1021(a)(1); 29 C.F.R. §§ 2520.104b-2, 2520.102-3(t)(2).
[38] Doc. 23-1.
[39] Doc. 23-3; see also Dobrski v. Ford Motor Co., 1:09-cv-00963 (N.D. Ohio Mar. 4, 2011), Doc. 42.
[40] Doc. 12 at 4.
[41] Doc. 23-3; see also Dobrski v. Ford Motor Co., 1:09-cv-00963 (N.D. Ohio Mar. 4, 2011), Doc. 42.

Case No. 1:14-CV-2111
Gwin, J.

benefits was not impeded.

Because the Board's interpretation of the Plan was reasonable and Dobrski has not presented any evidence in the record to upset that reasoning, the Court finds that the Board's decision denying Dobrski retroactive retirement benefits was not arbitrary and capricious.

### IV. Conclusion

For the foregoing reasons, the Defendant Board's motion for judgment on the administrative record is **GRANTED** and Plaintiff Dobrski's motion for summary judgment is **DENIED**.

IT IS SO ORDERED.


Dated: April 24, 2015              s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE